UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO CONTRACTING, INC., et al.,<br><br>　　Plaintiffs (Counter-Claimants),<br><br>v.<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>　　Counter-Defendant. | Case No.: 17-cv-0306-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING LOCATION OF DEPOSITION OF JOHN KIRBY**<br><br>**[ECF NO. 21]** |

Before the Court is the joint motion of the parties to determine a discovery dispute filed on December 4, 2017. (ECF No. 19). The parties cannot agree on a location for the deposition of Counter-Defendant Philadelphia's Vice-President - Claims, John Kirby. Reno has noticed and subpoenaed Mr. Kirby for deposition in San Diego and seeks to compel compliance. Philadelphia has moved for a protective order insisting that the deposition take place at or near his place of business, the corporate headquarters of Philadelphia in, yes, Philadelphia. It is a bit mind-boggling that counsel cannot agree on such a simple thing. But, there it is and the Court will resolve the dispute.

1

## DISCUSSION

Philadelphia Indemnity Insurance Company is a party and a corporation. The Federal Rules of Civil Procedure provide two methods by which a corporate party to a proceeding may be deposed: (1) Rule 30(b)(1) provides for the deposition by notice of a corporation through a particular officer, director or managing agent of the corporation; and (2) Rule 30(b)(6) provides for the deposition of the corporation by notice providing the matters on which the examination of the corporation will take place. The corporation then must designate one or more persons to testify on behalf of the corporation.

Regardless of whether the notice is provided under Rule 30(b)(1) or Rule 30(b)(6), the testimony of the deponent will be binding on the party. *See* Rule 32(a)(3). A deposition notice is sufficient to require the appearance of the named corporate officer or the corporation's designee; a subpoena under Rule 45 is not required. *See Cadent Ltd v. 3M Unitek Corp.,* 232 F.R.D. 625, 628 n.1 (C.D. Cal. 2005).

Ordinarily, the deposing party may choose the location of the deposition of another party. That choice may be challenged by the other party in a motion for protective order under Rule 26(c)(2) and the Court may then designate a different place. *Cadent,* 232 F.R.D. at 628. The general rule, however, is that the deposition of a corporation through its agents and officers should be taken at the corporation's principal place of business. *Id.*

This presumption can be overcome upon consideration of the following factors: (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed

2

often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship. *Id.* at 628-29. "[C]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum where the action is pending, for the convenience of all parties and in the general interests of judicial economy." *Id.* at 629.

There appears no dispute that Mr. Kirby is an officer of Philadelphia and noticed for deposition in that capacity under Rule 30(b)(1). The subpoena for his appearance under Rule 45 was not necessary. His testimony will bind the company. The location of his deposition will be determined by the Court applying the *Cadent* factors, as follows:

1. <u>Location of Counsel</u>

All counsel are located in southern California (San Diego for Counter-Claimant (Plaintiff) Reno and Los Angeles and Newport Beach for Philadelphia)). This factor weighs in favor of San Diego.

2. <u>Number of Corporate Representatives to be Deposed</u>

Reno separately noticed the deposition of Philadelphia under Rule 30(b)(6). Philadelphia designated another employee, from Colorado, as its designee. That deposition will occur in San Diego. With only one deponent from its headquarters being noticed, this factor favors deposition in San Diego (it is less expensive to fly one person here from Philadelphia than at least 2 lawyers from southern California there).

3. <u>Likelihood of Discovery Dispute</u>

Despite the current dispute, the Court does not believe it likely that a dispute will arise during this deposition. This factor favors Philadelphia.

4. <u>Whether the Deponent Travels Often for Business</u>

No information was provided to the Court regarding this factor.

3

17-cv-0306-MDD

Considering the general rule, it favors Philadelphia.

   5. The Equities

This case initially was filed by Philadelphia against Reno in the Superior Court for San Diego County regarding a subrogated claim for fire damage. Reno cross-complained for payment on a water damage claim having nothing to do with the fire but at the same property. Philadelphia then dismissed its claim and removed the case to this Court. Reno asserts that its cross-claim was mandatory, that Philadelphia chose this forum and that Philadelphia has to live with that choice. Philadelphia asserts that Reno's cross-complaint was not mandatory and that Philadelphia should be accorded the presumption ordinarily afforded to an out-of-state defendant.

Without deciding whether the cross-claim was mandatory or permissive, the Court finds the equities in favor of the deposition of Mr. Kirby occurring here in San Diego. The matter in this Court is derived from the lawsuit initiated by Philadelphia here. Moreover, despite the fact that the city of Philadelphia is older than San Diego and holds a significant place in U.S. history, it is winter there and perpetual summer here. Weather equity trumps historical equity at this time.

## CONCLUSION

Plaintiff Reno's motion to compel as presented in this joint motion is **GRANTED.** Defendant Philadelphia's motion for a protective order as presented in this joint motion is **DENIED.** Absent a different agreement by the parties, the deposition of Mr. Kirby must be held in San Diego.

**IT IS SO ORDERED:**

Date:   December 14, 2017

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge

4

17-cv-0306-MDD